APRIL MITCHELL and K.M., *a minor,*
*by and through her mother April Mitchell,*

　　　　　　　Plaintiffs,

　　v.

P.O. RANDALL SMITH, *et al.,*

　　　　　　　Defendants.

Case No. 23-cv-400-pp

---

**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION
(DKT. NO. 36)**

---

On March 28, 2023, the plaintiffs filed suit against several City of Racine police officers, alleging that the defendants had violated plaintiff Mitchell's and her daughter's constitutional rights during and after a traffic stop. Dkt. No. 1. On September 18, 2025, the court granted summary judgment for the defendants and dismissed the case. Dkt. No. 34. On October 16, 2025, the plaintiffs filed a motion for reconsideration of that order under Federal Rules of Civil Procedure 59(e) and 60(b). Dkt. No. 36. The defendants oppose the motion. Dkt. No. 37. Because the plaintiffs have not established that they are entitled to relief under either rule, the court will deny their motion.

## I.　Summary Judgment Order (Dkt. No. 34)

In its order granting the defendants' motion for summary judgment, the court first addressed the plaintiffs' objections to the documentary evidence and proposed findings of fact the defendants submitted. Dkt. No. 34 at 1–6. The

1

plaintiffs argued the defendants' documentary evidence was unauthenticated because it was submitted to the court via an attorney affidavit rather than via an affidavit of an individual with personal knowledge of the documents' contents. Id. at 2–3. The court rejected this argument, in part because the defendants had submitted a supplemental affidavit to cure any authentication deficiency. Id. at 3 (citing Cehovic-Dixneuf v. Wong, 895 F.3d 927, 931 (7th Cir. 2018)). The plaintiffs also argued that several documents and recordings the defendants had submitted were inadmissible hearsay, but the court rejected these arguments. Id. at 3–5. The court found that police reports were excepted from the hearsay rule under Federal Rule of Evidence 803(8). Id. at 3–4. The court determined that statements made by the plaintiff and captured on the officers' body camera footage were not hearsay because they were statements of a party opponent under Federal Rule of Evidence 801(d)(2). Id. at 4. And the court determined that statements made by dispatch relaying a third party's criminal history were not hearsay because they were not being offered for the truth of the matter asserted, but rather for the effect on the listener. Id. at 4–5.

The plaintiffs further argued that the defendants had failed to cite their separate proposed findings of fact in the body of their motion for summary judgment. Id. at 5. The court determined that it was not obligated to deny summary judgment on this basis because there is no federal or local rule requiring a movant to cite to proposed findings of fact in the body of its brief. Id. The court found that it could determine whether the defendants' factual assertions were supported or disputed based on the parties' separate

2

statements of material fact (which did contain citations to the evidentiary record). Id. at 6. The court observed that in many instances, the plaintiffs objected to the admissibility only of the *documents* supporting a statement of fact and did not admit or deny the underlying factual assertion. Id. The court explained that the failure to admit or deny a fact constitutes an admission. Id. (collecting cases). The court stated that it would deem any statement of fact the plaintiffs did not explicitly deny as admitted for the purposes of the motion. Id. at 7.

The court recounted the parties' statements of fact and analyzed the defendants' arguments for dismissal. Id. at 7–28. The court dismissed several individual defendants where the plaintiffs had failed to show that they were present or personally involved in the alleged constitutional deprivations. Id. at 16–17, 21. The court determined that officers had reasonable suspicion to stop the adult plaintiff's vehicle because the plaintiff was the mother of Kei'andre Mitchell, who recently had fled the scene of a fatal shooting. Id. at 18. The court found that it was reasonable for the officers to suspect that the plaintiff could be assisting her son or, at minimum, could know his whereabouts. Id. at 18–19. The court stated that this reasonable suspicion ripened into probable cause when officers saw that Kei'andre Mitchell was present in the plaintiff's car. Id. at 19. Accordingly, the court granted summary judgment for the defendants on the false arrest claim. Id. at 19–20.

Next, the court found that officers did not use excessive force by aiming their weapons at the car in which the plaintiff and Kei'andre Mitchell were

seated. Id. at 21–23. The court stated that gun-pointing can be a reasonable use of force when there is a serious potential danger to the police or a threat of violence. Id. at 22 (quoting Baird v. Renbarger, 576 F.3d 340, 345 (7th Cir. 2009)). The court found that the officers believed Kei'andre Mitchell was fleeing the scene of a fatal shooting and thus may have been armed, so it was reasonable for them to believe that there was a threat of violence. Id. at 22–23. The court granted summary judgment for the defendants on the plaintiff's excessive force claim. Id. at 23.

Turning to the plaintiffs' unlawful seizure and detention claim, the court recounted that the Seventh Circuit has held that detention times of up to fourteen and a half hours are not constitutionally unreasonable without evidence that the plaintiff's detention was motivated by an improper purpose. Id. at 25 (quoting Ray v. City of Chicago, 629 F.3d 660, 663–64 (7th Cir. 2011)). The court found that the plaintiff had not established that there was any improper purpose motivating her detention and that she was detained for less than fourteen hours, so the court could not find that her detention was unreasonably long. Id. at 26. The court observed that during the plaintiff's detention in her home, the officers performed only a protective sweep of her home—with the plaintiff's consent. Id. The court granted summary judgment for the defendants on the plaintiff's unlawful seizure claim. Id.

Finally, the court addressed the claim brought on behalf of K.M., the plaintiff's minor child. Id. at 26–29. The court stated that although the Seventh Circuit had not squarely addressed this issue, other courts had held that if a

4

decision to seize a child's parents is reasonable, then the related decision to detain the child is reasonable. <u>Id.</u> at 28 (collecting cases). The court held that detaining K.M. while her mother was being detained was reasonable under the circumstances. <u>Id.</u> at 28–29. The court granted summary judgment for the defendant on K.M.'s claim. <u>Id.</u> at 29. Because the court determined that the defendants did not commit any constitutional violations, it did not reach the defendants' qualified immunity arguments and dismissed the case with prejudice. <u>Id.</u>

**II.  Motion for Reconsideration (Dkt. No. 36)**

A.  <u>Plaintiffs' Brief</u>

The plaintiffs argue that the court committed a manifest procedural error by excusing the defendants' failure to include citations to their proposed findings of fact in their opening brief. Dkt. No. 36 at 4. The plaintiffs assert that this "collapsed the required burden-shifting framework" and allowed the defendants to proceed with summary judgment despite failing to properly establish the absence of a genuine dispute of material fact in their opening brief. <u>Id.</u> at 4–5. The plaintiffs contend that the court treating their objections to the defendants' statements of fact as admissions "punished" them for asserting evidentiary objections. <u>Id.</u> at 5. They maintain that objections are not admissions, and that their objections demonstrate that they disputed the substance of the factual assertion. <u>Id.</u> The plaintiffs argue that the court should not have allowed the defendants to authenticate their documentary evidence using a supplementary affidavit, particularly because the court did

5

not grant the plaintiffs a sur-reply to address whether the supplementary affidavit was sufficient. Id. at 5–6.

The plaintiffs argue that the court erred in finding the defendants' police reports, body camera footage and dispatch records admissible. Id. at 6. They assert that the court failed to address each specific evidentiary challenge they made to the defendants' evidence. Id. at 7. The plaintiffs contend that the court improperly made credibility determinations by finding the defendant officers' version of events credible and undisputed. Id. at 7–8.

The plaintiffs argue that there are genuine disputes of material fact that should have precluded summary judgment. Id. at 8. According to the plaintiffs, the defendant officers executed a felony stop of the plaintiff's vehicle even though they did not know whether Kei'andre Mitchell was present in that vehicle. Id. They assert defendant Joseph Stevens testified that he knew only that there were two occupants in the vehicle and did not know if the second occupant was Kei'andre Mitchell. Id. The plaintiffs argue that this calls into question whether the defendants' use of force during the traffic stop was justified. Id. at 8–9.

The plaintiffs argue that there was no basis to detain them once the officers had taken Kei'andre Mitchell into custody. Id. at 9. They assert that the plaintiff and her children were detained in her home for more than five hours after Kei'andre Mitchell was taken into custody, a detention not tethered to any legitimate investigation. Id. They contend that the jury should determine whether the plaintiffs' detention ripened into a *de facto* arrest or whether the

6

plaintiff consented to any search of her home. Id. at 9–10. The plaintiffs maintain that the defendants "held" the plaintiff's home pending a search warrant but that they never sought a search warrant, suggesting that the detention was unjustified. Id. at 10. The plaintiffs argue that because the adult plaintiff's detention was unlawful, plaintiff K.M.'s detention also must have been unlawful. Id. at 11.

The plaintiffs argue that the court made improper credibility determinations by accepting the defendants' version of events despite the plaintiffs contesting the admissibility of the defendants' evidence. Id. at 11–12. The plaintiffs also argue that qualified immunity cannot be decided on this record because factual issues exist as to whether the defendants violated clearly established law. Id. at 12–13.

B.    Defendants' Response

The defendants respond that the court did not commit any manifest error of law in its procedural or evidentiary rulings. Dkt. No. 37 at 3. They argue that the plaintiffs merely are repeating arguments they raised in their summary judgment briefing, which is not a basis for reconsideration. Id. at 4. They assert that Federal Rule of Civil Procedure 56(c)(3) permits the court to consider evidentiary materials that are not cited in the parties' moving papers and that the court's Local Rules do not require that the moving party cite to its separate statement of facts in its brief. Id. The defendants contend that the cases the plaintiffs cite to support their claim that objections should not be construed as admissions do not support that proposition. Id. at 5–6. They maintain that the

7

court was entitled to construe overruled objections as admissions, because even if the court construed them as denials, they were not supported by specific references to the record to support such a denial. Id. at 7. The defendants argue that they did not submit any new evidence with their reply papers, only a supplemental affidavit to cure the authentication issue, which specifically is permitted by the Seventh Circuit. Id. at 8 (citing Cehovic-Dixneuf, 895 F.3d at 931–32).

The defendants argue that the court properly concluded police reports and other evidence they submitted were excepted from the hearsay rule or were not hearsay. Id. at 9. The defendants contend that the court did not blindly accept the defendants' version of events, but rather considered the evidence within the bounds of the rules of evidence. Id. at 10. The defendants assert that the plaintiffs challenged only the admissibility of the defendants' evidence, not its trustworthiness or reliability. Id. They argue that the court did not admit the defendants' evidence because it was more credible, but simply found it was admissible without making a credibility determination. Id.

The defendants assert that the plaintiffs merely are reiterating factual disputes that the court already determined did not exist, which is not a basis for reconsideration. Id. at 11. They argue that it was the plaintiffs' failure to specifically deny various factual allegations that led to the court "crediting" the defendants' version of events. Id. at 11–12. The defendants also argue that the court never made a ruling on whether they were entitled to qualified immunity, so there is nothing for the court to reconsider on that issue. Id. at 12.

The defendants add that although the plaintiffs purportedly brought this motion under Rules 59(e) and 60(b), they have not stated a basis for granting relief from a judgment under Rule 60(b). Id. at 13. They argue that the plaintiffs have waived this ground for relief. Id.

C.    Plaintiffs' Reply

The plaintiffs reply that they are not merely rehashing old arguments but are identifying errors that the court committed. Dkt. No. 38 at 2–3. The plaintiffs argue that although the court may be permitted to consider uncited evidence under Rule 56(c)(3), the way the court exercised this discretion was erroneous. Id. at 3. They assert that the court improperly relied on evidence that was inadmissible and allowed the defendants to prevail on a record that "they had never properly arranged." Id. at 3–4. The plaintiffs contend that their objections should not have been construed as admissions because they provided detailed objections to the admissibility of the documentary evidence and the substantive factual allegations in the defendants' statement of facts. Id. at 4. The plaintiffs maintain that this clearly indicated "disagreement with the underlying narrative" and that they were not required to use specific language to deny the stated facts. Id. at 5. The plaintiffs argue that the defendants "sandbagged" them in reply via their authentication affidavit. Id. at 5–6. They assert that the defendants "reshaped their evidentiary presentation in reply," depriving them of the opportunity to respond. Id. at 6.

The plaintiffs argue that the court applied the hearsay rule too broadly and did not address each specific statement in the police reports that they

9

sought to exclude. Id. at 6–7. They contend that they "challenged foundation, trustworthiness, and multiple layers of hearsay," but that the court simply found the materials admissible without addressing each objection. Id. at 7. The plaintiffs argue that by deeming the materials admissible and finding that the plaintiffs did not deny the underlying facts, the court transformed a contested factual record into undisputed facts. Id. at 8. The plaintiffs reiterate that they believe there are genuine disputes of material fact as to all their claims. Id. at 9–11.

The plaintiffs add that they are seeking relief primarily under Rule 59(e), so the court need not reach Rule 60(b) to grant their requested relief. Id. at 11.

## III.    Legal Standard

Motions for reconsideration under Rule 59(e) serve a limited function. They allow the court to correct manifest errors of law or fact or the plaintiff to present newly discovered evidence that was not available before the court ruled. Caisse Nationale de Credit v. CBI Indus., 90 F.3d 1264, 1269 (7th Cir. 1996). Motions for reconsideration are not a mechanism for losing parties to reargue issues decided against them. Id. at 1270. "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (quoting Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). "Such motions are disfavored and should be 'rare.'" Acantha LLC v. DePuy Orthopaedics Inc., Case No. 15-C-1257, 2018 WL 2290715, at *1 (E.D. Wis. May 19, 2018)

(quoting <u>Bank of Waunakee v. Rochester Cheese Sales, Inc.</u>, 906 F.2d 1185, 1191 (7th Cir. 1990)). Prevailing on a motion for reconsideration is "an uphill battle." <u>United Air Lines, Inc. v. ALG, Inc.</u>, 916 F. Supp. 793, 795 (N.D. Ill. 1996).

Under Federal Rule of Civil Procedure 60(b) a court may "relieve a party or its legal representative from a final judgment, order, or proceeding" for various reasons, including "mistake, inadvertence, surprise, or excusable neglect" and "newly discovered evidence." Fed. R. Civ. P. 60(b)(1), (2). A catch-all provision also authorizes courts to reconsider an earlier order if a party raises "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Rule 60(b) relief is an "extraordinary remedy" granted only in "exceptional circumstances." <u>In re Cook Med., Inc.</u>, 27 F.4th 539, 542 (7th Cir. 2022) (quoting <u>Eskridge v. Cook County</u>, 577 F.3d 806, 809 (7th Cir. 2009)).

## IV. Analysis

The plaintiffs first reiterate their argument that the defendants failed to cite to the record in their moving brief. The plaintiffs state no grounds requiring the court to reconsider this ruling. The plaintiffs concede that under Rule 56, the court is entitled to consider evidence that is not directly cited and, in reply, pivot to argue that the court should not have relied on the documentary evidence the defendants submitted because its admissibility was contested. But the court ruled on the plaintiffs' evidentiary objections *before* determining whether there were disputes of material fact. There was no reason for the court not to consider evidence that it previously had ruled was admissible. Nor did

11

the court's consideration of the parties' statements of fact "collapse" or alter the summary judgment framework. Under <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986),

> [a] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.

(internal quotation marks omitted). The defendants submitted a proposed statement of material facts with their opening brief. They identified the portions of the evidentiary record they believed demonstrated the absence of a genuine issue of material fact. In their brief, the defendants provided legal argument regarding those proposed facts. All these materials are part of the defendants' moving papers. The plaintiffs then submitted a response disputing the defendants' statements of fact and a brief with legal argument. The court considered both sides' papers when determining whether there were material factual disputes. It is unclear how the defendants' failure to include citations to the record in its brief altered the burden-shifting framework. The plaintiffs have not demonstrated that the court committed a manifest error of law by not requiring the defendants to include citations to their proposed statements of fact in their brief.

The plaintiffs argue that the court erred in construing their responses to the defendants' statements of fact as admissions. They assert that "[a]n objection is not an admission" and cite <u>MMG Financial Corp. v. Midwest Amusements Park, LLC</u>, 630 F.3d 651, 656 (7th Cir. 2011) and <u>Ammons v.</u>

12

Aramark Uniform Services, Inc., 368 F.3d 809, 817–18 (7th Cir. 2004) in support. These cases are inapposite. MMG Financial does not discuss how a non-moving party's objection or response to a statement of fact should be construed; it affirms a district court's ruling excluding a non-movant's evidence as hearsay and granting summary judgment for the movant. MMG Financial, 630 F.3d at 656–57. Ammons states the opposite of the plaintiffs' proposition:

> [S]everal of Ammons' responses do not include a statement to the effect that Ammons agrees with or denies Aramark's allegations. Instead, for these responses Ammons merely states that the allegations are irrelevant. They may be. *This does not excuse, however, the non-moving party from at least indicating that it agrees with or denies the allegation.* The district court did not abuse its discretion in striking these responses.

Ammons, 368 F.3d at 818 (emphasis added).

The Seventh Circuit has determined that a district court may deem a fact admitted where the non-moving party presents only an objection without also stating whether they admit or deny the underlying fact. See id.; Curtis v. Costco Wholesale Corp., 807 F.3d 215, 219 (7th Cir. 2015) (affirming trial court's decision to deem facts admitted where nonmoving party only responded with objections). This does not penalize the plaintiffs for objecting to the defendants' evidence. The plaintiffs could have raised their objections, then stated that they admitted or denied the underlying fact without waiving the objection. The plaintiffs did this in several of their responses to the defendants' proposed facts. See Dkt. No. 29 at ¶¶28–32, 34–39, 41, 43, 46, 48–50, 52–53, 58–59 (in each instance objecting to admissibility, then responding to the substantive factual allegation "[w]ithout waiving said objections").

13

The plaintiffs also argue that the court should have intuited that because they objected to the documentary evidence, they disputed the defendants' overall narrative. It would be error for the court to make such inferences. A party might not dispute an underlying fact, yet still challenge the admissibility of the evidence used to support that fact. Indeed, in several responses, the plaintiffs object to the admissibility of the defendants' evidence and "[w]ithout waiving said objections, admit" the underlying fact. See Dkt. No. 29 at ¶¶28–32, 35, 37, 41, 50. If the court had construed all the plaintiffs' objections as denials, it would have manufactured disputes of fact that do not exist. This is precisely why the court requires parties to state whether they admit or deny a particular fact. The court construing facts as admitted due to the plaintiffs' failure to explicitly deny them is not a manifest error of law.

The plaintiffs argue that they were prejudiced by the court allowing the defendants to cure any authentication issues with a supplemental affidavit. They argue that they should have been given leave to file a sur-reply to respond to the supplemental affidavit. But the plaintiffs never requested leave to file a sur-reply and are not otherwise entitled to one under this court's Local Rules. See Civil Local Rules 56(b), 7(i) (E.D. Wis.). It is not manifest error for the court to decide a motion without a sur-reply, especially when the plaintiffs never asked leave to file one. Further, a moving party can cure any authentication issues with a supplemental affidavit, and such an affidavit is not considered "new evidence" in reply. See Cehovic-Dixneuf, 895 F.3d at 931 (stating that "[i]t is not unusual for parties to submit documentary evidence to support or

14

oppose summary judgment, as happened here, without fully authenticating the documents with affidavits thorough enough to overcome any and all evidentiary objections that could be raised" and that such errors "could be cured quickly with a supplemental affidavit or two"). Nor is it "sandbagging" for the defendants to reply to arguments the plaintiffs first raised in their response brief. The plaintiffs have not shown that the court's accepting the supplemental affidavit without *sua sponte* granting the plaintiffs a sur-reply is a manifest error.

The plaintiffs argue that the court committed manifest error by overruling their evidentiary objections. The plaintiffs try to frame this as the court "crediting" the defendants' narrative over the plaintiffs'. But the court did not weigh the credibility of any evidence. The plaintiffs objected to the evidence on hearsay grounds, and the court determined that the evidence either was not hearsay or was excepted from the hearsay rule. In its ruling, the court observed that "[t]he plaintiffs have not presented any evidence challenging the trustworthiness or reliability of the police reports." Indeed, the plaintiffs presented simple, boilerplate hearsay objections to the defendants' evidence. See Dkt. Nos. 29 at ¶1 (stating that police report "contains inadmissible hearsay"); 30 at 6–7 (stating that all submitted evidence is "inadmissible hearsay" and asserting that "[p]olice reports are also hearsay documents"). The plaintiffs never raised the trustworthiness and reliability arguments upon which they now rely. The plaintiffs could have raised these disputes in the first

instance, but they did not. The court cannot find that it was manifest error to admit the defendants' evidence.

The plaintiffs argue that genuine disputes of material fact preclude summary judgment. But this argument again relies on the court construing the plaintiffs' evidentiary objections as factual denials. Because the court did not err in deeming facts undisputed where the plaintiff did not specifically deny them, this argument presents no basis for reconsideration.

Finally, the plaintiffs argue that qualified immunity cannot be determined on this record. But the court made no ruling on whether the defendants were entitled to qualified immunity. "Qualified immunity protects government officials from lawsuits unless the plaintiff can show (1) the official violated his constitutional or statutory rights, and (2) the right was clearly established at the time." Pam v. City of Evansville, 154 F.4th 523, 530 (7th Cir. 2025) (citing Tolan v. Cotton, 572 U.S. 650, 655–56 (2014)). "[T]he court has discretion to address either issue first, depending on the case at hand." Hardaway v. Meyerhoff, 734 F.3d 740, 743 (7th Cir. 2013) (citing Pearson v. Callahan, 555 U.S. 223, 236 (2009)). Because the court determined that the defendants did not violate the plaintiffs' constitutional rights, there was no reason for the court to reach the second prong of the qualified immunity test and it did not do so. This was not manifest error.

The plaintiffs have not shown that the court committed any manifest errors of law or fact under Rule 59(e). Nor have the plaintiffs established a

16

basis for granting relief from the judgment under Rule 60(b). The court will

deny the plaintiffs' motion.

## V.     Conclusion

The court **DENIES** the plaintiffs' motion for reconsideration. Dkt. No. 36.

Dated in Milwaukee, Wisconsin this 22nd day of June, 2026.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**

17